1  Michele R. Stafford, Esq. (SBN 172509)
   Blake E. Williams, Esq. (SBN 233158)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mstafford@sjlawcorp.com
5  bwilliams@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 NORTHERN CALIFORNIA GLAZIERS,          Case No.: C-11-6722 JSW
   ARCHITECTURAL METAL AND GLASS
11 WORKERS PENSION PLAN; DISTRICT         **STIPULATION FOR ENTRY OF**
   COUNCIL 16 NORTHERN CALIFORNIA         **JUDGMENT**
12 HEALTH AND WELFARE TRUST FUND;
   GLAZIERS INDIVIDUAL ACCOUNT
13 RETIREMENT PLAN; DISTRICT COUNCIL
   16 NORTHERN CALIFORNIA
14 JOURNEYMAN AND APPRENTICE
   TRAINING TRUST FUND; THEIR JOINT
15 BOARDS OF TRUSTEES; and DOUGLAS
   CHRISTOPHER, JOHN MAGGIORE and
16 MARIAN BOURBOULIS as Trustees;

17 I.U.P.A.T. UNION AND INDUSTRY
   NATIONAL PENSION FUND; ITS JOINT
18 BOARD OF TRUSTEES; and JAMES
   WILLIAMS as Trustee;
19
   DISTRICT COUNCIL NO. 16,
20 INTERNATIONAL UNION OF PAINTERS
   AND ALLIED TRADES,
21
              Plaintiffs,
22
       v.
23
   HAYATI HAIM LEVI, individually and *dba*
24 THE GLASS MAN,

25            Defendant.

26

27

28

-1-
STIPULATION FOR ENTRY OF JUDGMENT
Case No.:

P:\CLIENTS\GLACL\The Glass Man\Pleadings\Glass Man – REVISED Stipulation for Entry of Judgment 050611.doc

1   IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be
2 entered in the within action in favor of Plaintiffs NORTHERN CALIFORNIA GLAZIERS,
3 ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al. ("Plaintiffs" or
4 "Trust Funds"), and against Defendant HAYATI HAIM LEVI, individually and doing business as
5 THE GLASS MAN, and/or alter egos and/or successor entities, ("Defendant"), as follows:

6   1.   Defendant entered into a valid Collective Bargaining Agreement with the
7 District Council No. 16 of the International Union of Painters and Allied Trades and the Northern
8 California Glass Management Association (hereinafter "Bargaining Agreement"). This
9 Bargaining Agreement has continued in full force and effect to the present time.

10   2.   Defendant has become indebted to the Trust Funds as follows:

**ACCOUNT NO.: 5000-047633-00**

| Period | Item | Amount | Total |
|---|---|---|---|
| February 2011 | Contribution Balance | $10,326.48 | |
| | 12/10 Overpayment Credit | ($1,406.56) | |
| | 20% Liquidated Damages | $2,463.21 | |
| | 5% Interest (through 7/28/11) | $72.55 | |
| | | | $11,455.68 |
| March 2011 | Contributions | $19,031.19 | |
| | 20% Liquidated Damages | $3,806.24 | |
| | 5% Interest (through 7/28/11) | $232.02 | |
| | | | $23,069.45 |
| April 2011 | Contributions | $27,283.70 | |
| | 20% Liquidated Damages | $5,456.74 | |
| | 5% Interest (through 7/28/11) | $216.77 | |
| | | | $32,957.21 |
| May 2011 | Contributions | $30,213.68 | |
| | 20% Liquidated Damages | $6,042.74 | |
| | 5% Interest (through 7/28/11) | $115.89 | |
| | | | $36,372.31 |
| June 2011 | Contributions | $20,766.08 | |
| | 20% Liquidated Damages | $4,153.22 | |
| | | | $24,919.30 |
| 20% Liquidated Damages on prior late-paid contributions (10/10 – 1/11) | | | $18,867.66 |
| 5% Interest on prior late-paid contributions (10/10 – 1/11) | | | $1,226.77 |
| | | SUB-TOTAL: | $148,868.38 |

**ACCOUNT NO.: 5058-047633-00**

| Period | Item | Amount | Total |
|---|---|---|---|
| April 2011 | Contributions | $5,627.90 | |
| | 20% Liquidated Damages | $1,125.58 | |
| | 5% Interest (through 7/28/11) | $44.71 | |
| | | | $6,798.19 |

| | | | |
|---|---|---|---|
| May 2011 | Contributions | $2,625.48 | |
| | 20% Liquidated Damages | $525.10 | |
| | 5% Interest (through 7/28/11) | $10.07 | |
| | | | $3,160.65 |
| June 2011 | Contributions | $1,972.67 | |
| | 20% Liquidated Damages | $394.53 | |
| | | | $2,367.20 |
| 20% Liquidated Damages on prior late-paid contributions (12/10 – 3/11) | | | $1,273.67 |
| 5% Interest on prior late-paid contributions (12/10 – 3/11) | | | $48.41 |
| | | SUB-TOTAL: | $13,648.12 |
| Audit | Under-Paid Contributions | $22,210.19 | |
| | Overpayment Credit | ($307.29) | |
| | | | $21,902.90 |
| | | COMBINED SUB-TOTAL: | $184,419.40 |
| Attorneys' Fees (through 7/27/11) | | | $4,483.00 |
| | | TOTAL: | $188,902.40 |

3. Defendant shall *conditionally* pay the amount of **$144,793.71**, representing all of the above amounts, less liquidated damages in the amount of **$44,108.69**. *This waiver of liquidated damages is expressly conditioned upon Defendant's timely compliance with all of the terms of this Stipulation, and Trustee's approval to be requested*, as follows:

(a) Beginning on or before August 15, 2011, and continuing on or before the 15th day of each month thereafter for a period of twelve (12) months, through and including July 15, 2012, Defendant shall pay to Plaintiffs the amount of **$12,395.00** per month;

(b) Payments may be made by joint check, to be endorsed prior to submission. Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(c) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum, in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements;

(d) Payments shall be made payable to the "*District Council 16 Health and Welfare Trust Fund*" and delivered to Blake E. Williams at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be <u>received</u> on or before the 15th day of each month**;

-3-
STIPULATION FOR ENTRY OF JUDGMENT
Case No.:

(e) At the time that Defendant makes their last (July 15, 2012) monthly payment under the terms of this Stipulation, Defendant may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman & Johnson Law Corporation with that payment. Defendant will be advised as to whether or not the waiver has been granted prior to the final payment hereunder.

(f) Failure to comply with any of the above terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 10 shall apply.

4. In the event that any check paid pursuant to any of the terms hereunder is not timely submitted, not timely endorsed (in the case of a Joint Check), submitted by Defendant but fails to clear the bank, or is otherwise unable to be negotiated for any reason for which Defendant is responsible, this shall be considered to be a default of the terms of this Stipulation. If this occurs, Plaintiffs shall make a written demand to Defendant to cure said default. Notice may be provided by email, but in the event of such notice, a copy of the notice shall also be sent by either fax or mail. Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to Saltzman & Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs. If Defendant elects to cure said default, and Plaintiffs elect to accept future payment, all such payments shall be made by cashier's check at Plaintiffs' request. Failure to make payments pursuant to cashier's check, if applicable, shall constitute a default under the terms of this Judgment.

In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

5. Beginning with contributions due for hours worked by Defendant's employees during the month of July 2011, due on June 15, 2011 and considered delinquent if postmarked later than June 30, 2011, and for every month thereafter that the Bargaining Agreement remains in effect, Defendant **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. **Defendant shall fax a copy of the contribution**

-4-
STIPULATION FOR ENTRY OF JUDGMENT
Case No.:

1  report for each month, together with a copy of that payment check, to Blake E. Williams at
2  415-882-9287, prior to sending the payment to the Trust Fund office.

3  Failure to comply with these terms shall also constitute a default of the obligations under
4  this Stipulation and the provisions of ¶ 10 shall apply.

5  6.  Defendant shall make full disclosure of all jobs on which they are working by
6  providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the
7  name and address of the job, the start and completion dates, the identity of General
8  Contractor/Owner/Developer, and by providing certified payroll if a public works job. **To the**
9  **extent that Defendant is working on a Public Works job, or any other job for which**
10 **Certified Payroll Reports are required, copies of said Reports will be faxed to Blake E.**
11 **Williams concurrently with their submission to the General Contractor, Owner or other**
12 **reporting agency.**

13 **Defendant shall fax said updated list each month (or sooner if required elsewhere**
14 **herein) together with the contribution report (as required by ¶ 5 of this Stipulation) to Blake**
15 **E. Williams at 415-882-9287.** Attached hereto as *EXHIBIT A* is a Job Report form, which is to
16 be completed each month.

17 7.  Failure by Defendant to remain current in reporting or payment of contributions
18 shall constitute a default of the obligations under this agreement and the provisions of ¶ 10 shall
19 apply. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5%
20 per annum interest accrued on the total contributions, shall be added to and become a part of this
21 Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the
22 applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of
23 current and future contributions, and for any additional past contributions not included herein as
24 may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other
25 means, and the provisions of this Stipulation are in addition thereto. Defendant specifically
26 waives the defense of the doctrine *Res Judicata* as to any such additional amounts determined as
27 due.

28

-5-
STIPULATION FOR ENTRY OF JUDGMENT
Case No.:

8.  HAYATI HAIM LEVI acknowledges that he is the Sole Owner of The Glass Man. Hayati Haim Levi specifically consents to the Court's jurisdiction as well as the use of a Magistrate Judge for all proceedings herein. Mr. Levi also confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledges that all affiliates, related entities and successors in interest to The Glass Man, and/or any subsequent entity wherein Mr. Levi is a principal shall also be bound by the terms of this Stipulation as Guarantors, and also consent to this Court's jurisdiction as well as the use of a Magistrate Judge.

9.  Prior to the last payment pursuant to this Stipulation, Plaintiffs will advise Defendant, in writing, of the remaining amounts due, including any additional amounts claimed pursuant to the Stipulation, which shall include, but not limited to, any additional interest, attorneys' fees and costs incurred in this matter. Said amount shall be paid with the last payment upon demand by Plaintiffs.

10. In the event that Defendant is in default of any provisions of this Stipulation, including, but not limited to, failing to make any payment required under ¶ 3 above, or failing to remain current in any contributions under ¶ 5, then:

   (a)  The entire amount of **$188,902.40** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 5% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs incurred in this action, including those identified under ¶ 11 below;

   (b)  Plaintiffs shall file this Stipulation with the Court, for the purpose of having Judgment entered, *only* in the event of a default under the terms herein. A Declaration by an authorized representative of Plaintiffs as to what amount is or remains due, including interest and additional attorneys' fees and costs, will be filed with the Stipulation and shall be sufficient to have Judgment entered;

   (c)  A Writ of Execution may be obtained against Defendant without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein,

upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default. <u>Defendant specifically consents to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a Writ of Execution;</u>

      (d)    Defendant waives notice of Entry of Judgment and expressly waives all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution.

11.    Defendant shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with this matter, including those incurred for collection and allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation. The additional attorneys' fees and costs shall be paid by Defendant as set forth above, regardless of whether or not Defendant default under the terms of this Stipulation.

12.    Any failure on the part of the Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant of any provisions herein.

13.    In the event of the filing of a bankruptcy petition by Defendant, the parties agree that any payments made by Defendant pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise. Defendant nevertheless represents that no bankruptcy filing is anticipated.

14.    This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

15.    Should any provision of this Stipulation be declared or determined by any court of

-7-
**STIPULATION FOR ENTRY OF JUDGMENT**
Case No.:

competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

16. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

19. All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily and without duress.

Dated: July __, 2011                    THE GLASS MAN

                                        By: _____
                                        Hayati Haim Levi, Sole Owner

Dated: July __, 2011                    HAYATI HAIM LEVI

                                        By: _____
                                        Hayati Haim Levi, Individually

Dated: ~~July~~ August 9, 2011          SALTZMAN & JOHNSON
                                        LAW ~~CORPORATION~~

                                        By: _____
                                        Blake E. Williams
                                        Attorneys for Plaintiffs

IT IS SO ORDERED

~~Dated: _____, 2011~~

January 5, 2012                         _____
                                        UNITED STATES DISTRICT COURT JUDGE
                                        [signed] Jeffrey S. White

-8-
STIPULATION FOR ENTRY OF JUDGMENT
Case No.:

# *EXHIBIT A*

STIPULATION FOR ENTRY OF JUDGMENT
Northern California Glaziers, Architectural Metal & Glass Trust Fund v. The Glass Man

## STIPULATION FOR ENTRY OF JUDGMENT

### *JOB REPORT FORM*

\*\*\* Updated report must be faxed to Blake E. Williams, Esq., at (415) 882-9287 on the <u>15th</u> day of each month \*\*\*

Employer Name: _____

Report for the month of _____  Submitted by (print name): _____

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

\*\*\* *Attach additional sheets as necessary* \*\*\*