Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
bwilliams@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>HAYATI HAIM LEVI, individually and *dba* THE GLASS MAN,<br><br>Defendant. | Case No.: C11-6722 JSW<br><br>**REQUEST FOR ENTRY OF JUDGMENT PURSUANT TO STIPULATION; DECLARATION OF BLAKE E. WILLIAMS IN SUPPORT THEREOF**<br><br>**ORDER THEREON** |

I, Blake E. Williams, declare:

1. I am the attorney of record for Plaintiffs herein.

2. On August 9, 2011, both parties entered into a Stipulation for Entry of Judgment ("Stipulation"), establishing a payment plan to satisfy the amounts owed by Defendant to Plaintiffs in this action. A true and accurate copy of the Stipulation is attached hereto as ***EXHIBIT A***.

3. Pursuant to ¶ 8 of the Stipulation, Hayati Haim Levi personally guaranteed all amounts due for monthly contributions due for work performed by his employees.

4. Pursuant to ¶ 3(a) of the Stipulation, beginning on August 15, 2011 and continuing on or before the 15th day of each month for a period of twelve (12) months, Defendant was to make monthly stipulated payments to Plaintiffs in the amount of $12,395.00.

5.  Defendant made three payments under the Stipulation, totaling $37,290.00, of which $36,051.23 was principal. Therefore, as of October 4, 2011, the date of Defendant's last payment, **$108,742.48** remains due and owing under the Stipulation.

6.  Pursuant to ¶ 3 of the Stipulation, a conditional waiver of **$44,108.69** in liquidated damages was subject to Defendant's timely compliance with all obligations set forth in the Stipulation, and Trustee approval, and became due and payable upon default of any of the terms of the Stipulation.

7.  Ninety-one (91) days have elapsed from October 4, 2011, the date of the last payment, to January 3, 2012. Therefore interest of **$1,275.15**, at the rate of 5% per annum, has accrued through January 3, 2012.

8.  Pursuant to ¶¶ 5 and 7 of the Stipulation, Defendant was also required to remain current in monthly contributions due to Plaintiffs under the Collective Bargaining Agreement. Failure by Defendant to remain current in contributions constituted a default of the Stipulation and all additional unpaid contributions incurred during the stipulated payment period were to be added to and become part of the Judgment balance, together with 5% per annum interest (from the first of the month following the month due, until paid) and 20% liquidated damages. Defendant failed to pay contributions due for the months of July through October 2011, in the combined amount of **$129,179.57**. A breakdown of the contributions, liquidated damages, and interest, is shown in the chart in ¶ 12 below. Defendant also failed to report or pay November 2011, thereby constituting a default of the Stipulation.

Pursuant to the policies and procedures of the Trust Fund, where no contribution reports have been provided, contributions are estimated based on the last amount reported by Defendant. Defendant reported $28,569.06 due for the hours worked in October 2011. A true and accurate copy of the October 2011 contribution report is attached hereto as *EXHIBIT B*. Therefore, contributions for November 2011 are estimated at **$28,569.06** and liquidated damages at **$5,713.81** for the estimated reported month. Interest for October 2011 is estimated at **$11.74** (through January 3, 2012). All the above-referenced amounts are also due and payable and added as part of the Judgment.

9. In accordance with ¶¶ 3(f) and 7 of the Stipulation, Defendant shall be considered to be in default under the Stipulation if any required stipulated payment is not timely received or Defendant failed to remain current in its contributions.

10. In the event of default and failure by Defendant to cure such default, ¶ 10(b) specifically authorizes Plaintiffs to file the Stipulation with the Court for the purpose of having Judgment entered. Paragraph 10(c) provides that a Writ of Execution may be obtained against Defendant without further notice. Paragraph 10(d) provides that Defendant expressly waives all rights to stay of execution and appeal.

11. Pursuant to ¶ 11 of the Stipulation, Defendant shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with the collection and allocation of the amounts owed under the Stipulation. Attorneys' fees through July 27, 2011 are included in the Stipulation. Additional attorneys' fees in the amount of **$4,511.50** were incurred between July 28, 2011 through January 3, 2012, and cost of suit in the amount of **$350.00**, in Plaintiffs' attempts to revise multiple payment plans per Defendant's request; satisfy Defendant's multiple defaults on the Stipulation and other amounts due under the Stipulation; correspondence with fund administrators; numerous correspondence with Defendant; and in the preparation of this Request for Entry of Judgment.

12. The amounts due under the Stipulation for Entry of Judgment are therefore as follows:

| | | | |
|---|---|---|---|
| Balance due under Stipulation | | $108,742.48 | |
| Conditionally Waived Liquidated Damages | | $44,108.69 | |
| 5% Interest (through 1/3/12) | | $1,275.15 | |
| | | | $154,126.32 |
| July 2011 | Contributions | $36,030.27 | |
| | 20% Liquidated Damages | $7,206.05 | |
| | 5% Interest (through 1/3/12) | $616.96 | |
| | | | $43,853.28 |
| August 2011 | Contributions | $36,094.98 | |
| | 20% Liquidated Damages | $7,219.00 | |
| | 5% Interest (through 1/3/12) | $469.73 | |
| | | | $43,783.71 |
| September 2011 | Contributions | $28,485.08 | |
| | 20% Liquidated Damages | $5,697.02 | |
| | 5% Interest (through 1/3/12) | $249.73 | |
| | | | $34,431.83 |

| | | | |
|---|---|---|---|
| October 2011 | Contributions | $28,569.06 | |
| | 20% Liquidated Damages | $5,713.81 | |
| | 5% Interest (through 1/3/12) | $113.06 | |
| | | | $34,395.93 |
| November 2011 | Contributions (est.) | $28,569.06 | |
| | 20% Liquidated Damages (est.) | $5,713.81 | |
| | 5% Interest (through 1/3/12) (est.) | $11.74 | |
| | | | $34,294.61 |
| | | SUB-TOTAL: | $344,885.68 |
| **Attorneys' Fees (7/28/11 – 1/3/12)** | | | $4,511.50 |
| **Cost of Suit** | | | $350.00 |
| | | TOTAL: | $349,747.18 |

I declare under penalty of perjury that the foregoing is true of my own knowledge and if called upon I could competently testify thereto.

Executed this 4th day of January, 2012, at San Francisco, California.


_____/s/_____
Blake E. Williams


IT IS SO ORDERED.

Judgment is hereby entered against Hayati Haim Levi, individually and doing business as The Glass Man, in the amount of **$349,747.18** including interest through January 3, 2012 and continuing thereafter at the interest rate of 5% per annum through the date of satisfaction of Judgment. **The Clerk shall close the file.**


Dated: January 5, 2012    _____
THE HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT COURT JUDGE

-4-
REQUEST FOR ENTRY OF JUDGMENT PURSUANT TO STIPULATION
Case No.: C11-6722 JSW